IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL K. PALMER, § 
§ 
 Defendant Below, § No. 351, 2021
 Appellant, § 
§ 
 v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, § 
§ Cr. ID No. 1902013833 (K)
 Plaintiff Below, § 
 Appellee. § 
§ 

Submitted: January 4, 2022
Decided: March 23, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Michael Palmer, appeals the Superior Court's decision denying Palmer's first motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Palmer's opening brief that his appeal is without merit. We agree and affirm.

(2) In June 2019, a grand jury indicted Palmer for multiple drug and weapon offenses, including six counts of drug dealing. In August 2019, Palmer filed a motion to suppress, which the Superior Court denied after a hearing.

(3) On October 7, 2019, Palmer rejected a plea offer at final case review, and his case was set for trial. On the morning of trial, Palmer pleaded *nolo contendere* to two counts of drug dealing in a Tier 4 quantity—each of which carried a minimum-mandatory prison term of two years—and one count of carrying a concealed deadly weapon. In exchange, the State entered a *nolle prosequi* on the remaining sixteen charges in the indictment. Following a presentence investigation, the Superior Court sentenced Palmer to an aggregate of ten years of unsuspended Level V incarceration, followed by decreasing levels of probation. Palmer did not appeal his convictions or sentence.

(4) On July 21, 2020, Palmer filed a timely motion for postconviction relief under Superior Court Criminal Rule 61, raising claims of ineffective assistance of counsel. After expanding the record with an affidavit from trial counsel addressing the allegations of ineffective assistance of counsel and the State's response to the motion for postconviction relief, a Superior Court Commissioner recommended that the Superior Court deny Palmer's motion. The Superior Court conducted a *de novo* review of the Commissioner's report, adopted it in its entirety, and denied Palmer's motion for postconviction relief. This appeal followed.

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] The procedural bars of Rule 61

---

[1] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).

must be considered before any substantive claims are addressed.[2]  Ineffective-assistance-of-counsel claims, however, are not subject to Rule 61's procedural bars and are properly raised in a timely filed motion for postconviction relief.[3]  Claims of ineffective assistance of counsel are governed by the two-pronged test set forth in *Strickland v. Washington*.[4]  In order to prevail on a claim of ineffective assistance of counsel after a defendant has entered a guilty plea (or its legal equivalent), the defendant must demonstrate that (i) trial counsel's representation fell below an objective standard of reasonableness[5] and (ii) counsel's actions were so prejudicial "that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."[6]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[7]

(6)    As he did below, Palmer raises eight claims of ineffective assistance of counsel.  Palmer argues that his counsel was ineffective for: (1) pressuring Palmer into taking the plea by advising him that his case would proceed to trial the following day if he rejected it; (2) failing to investigate Palmer's case and present evidence on

---

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[3] *Green v. State*, 238 A.3d 160, 175 (Del. 2020).
[4] 466 U.S. 668 (1984).
[5] *Id.* at 687-88.
[6] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (internal quotation marks and citations omitted).
[7] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

his behalf; (3) failing to introduce certain evidence at the suppression hearing; (4) missing a purported mistake at sentencing; (5) forcing Palmer to hire another attorney to assist with postconviction proceedings because of counsel's unprofessional errors;[8] (6) failing to enforce the plea agreement; (7) coercing Palmer to agree to a presentence investigation; and (8) failing to file a motion to dismiss.

(7)   The record does not support Palmer's argument that trial counsel pressured Palmer into accepting the plea offer (Claim 1) or his claim that trial counsel coerced Palmer into agreeing to a presentence investigation (Claim 7). Nor does it support Palmer's claim that counsel somehow failed to ensure that the Superior Court followed the parties' plea agreement (Claim 6). On the Truth-in-Sentencing Guilty Plea Form, Palmer indicated that he had freely and voluntarily decided to enter a *nolo contendere* plea; he had not been promised anything that was not contained in the plea agreement; no one had threatened or forced him to enter the plea; he understood that he was waiving certain constitutional rights by entering the plea, including the right to present evidence in his defense; and he was satisfied with his lawyer's representation. Palmer also acknowledged that he faced a maximum prison term of fifty-eight years, including a minimum-mandatory term of

---

[8] In connection with this claim, Palmer contends for the first time on appeal that trial counsel failed to advise Palmer of his right to appeal his convictions and sentence. Absent plain error, which we do not find here, we will not consider arguments raised for the first time on appeal. Del. Supr. Ct. R. 8. This general rule is particularly appropriate in the context of ineffective-assistance-of-counsel claims because trial counsel was not afforded the opportunity to respond to the claim in the first instance.

four years, and the plea paperwork indicates that the parties agreed to a presentence investigation. Before accepting Palmer's *nolo contendere* plea, the Superior Court engaged in a colloquy with him, during which Palmer acknowledged that a *nolo contendere* plea has the same legal effect of a guilty plea; the State's evidence against him formed a basis for the charges to which he was pleading *nolo contendere*; he faced a maximum total penalty of fifty-eight years of incarceration, with a minimum-mandatory term of four years of prison; no one had threatened or forced him to enter the plea; and he was satisfied with his attorney's representation. Absent clear and convincing evidence to the contrary, which he has not identified, Palmer is bound by his representations during the plea colloquy and on the Truth-in-Sentencing Guilty Plea Form.[9] Finally, we note that Palmer received a significant benefit from the plea agreement negotiated by trial counsel. Had Palmer proceeded to a jury trial on the nineteen drug and weapons charges in the indictment and been found guilty, his sentence could have been—and likely would have been—far more severe. We conclude that the plea agreement, the guilty plea form, and the transcript of the plea hearing all support a finding that Palmer knowingly, intelligently, and voluntarily pleaded *nolo contendere*.

---

[9] *Sommerville*, 703 A.2d at 632.

(8)     Because a valid guilty plea waives any Palmer's right to contest any error made prior to the entry of the plea,[10] Palmer's inability to demonstrate that his plea was involuntary is also fatal to his claims that counsel failed to present certain evidence or argument on his behalf (Claims 2 and 3) and failed to file a motion to dismiss the indictment (Claim 8).

(9)     Palmer's argument that counsel failed to notice a purported error at sentencing (Claim 4) also fails.  Palmer alleges that the Superior Court mistakenly applied the sentencing range applicable to Class C felonies when it fashioned his sentences for the drug dealing offenses, which are Class B felonies.  Palmer does not allege prejudice but claims that his sentence is still "incorrect."  The Court has reviewed the sentencing transcript, and it contains no mention of the sentencing range applicable to Class C felonies.  In any event, Palmer's sentence falls with the statutorily authorized range of penalties for Class B felonies.  And we note that the Superior Court, despite finding aggravating factors, imposed a sentence less than that recommended by the State.

(10)    Finally, Palmer's claim that he "had" to hire another attorney to assist him with postconviction proceedings (Claim 5) is not grounds for postconviction relief because it does not attack the validity of Palmer's convictions.[11]

---

[10] *Barham v. State*, 2002 WL 31084259, at *1 (Del. Sept. 16, 2002); *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015).
[11] *See* Del. Super. Ct. Crim. R. 61(a)(1).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice